IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**SETH MURDOCK,**

      Petitioner,

**v.**
                                    **CIVIL ACTION NO. 2:13-CV-44**
                                    **(BAILEY)**

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on September 3, 2013 [Doc. 22]. In that filing, the magistrate judge recommended that this Court dismiss this § 2241 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his objections [Doc. 25] on September 17, 2013. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

I.  **Factual and Procedural History**

On October 29, 2012, the U.S. District Court for the District of Vermont sentenced petitioner Murdock to a term of 30 months in prison and three years of supervised release following his conviction for interstate transportation of stolen vehicles in violation of 18 U.S.C. § 2312. Inmate Data at 2 [Doc. 17 Attach. 1]. Petitioner's projected release date, via Good Conduct Time Release, is November 15, 2013. *Id.* On May 14, 2013, petitioner was recommended for placement in a Residential Reentry Center, or "halfway house," for a period of 90 to 120 days. Referral for CCC Placement at 1 [Doc. 17 Attach. 2]. On April 25, 2013, petitioner filed a motion in the U.S. District Court for the District of Vermont requesting that jurisdiction over his term of supervised release be transferred to the Eastern District of Michigan, as Michigan is petitioner's home state. On August 22, 2013, after the Eastern District refused to accept supervision of petitioner, Judge William K. Sessions III entered a text-only order denying petitioner's motion. [Doc. 89, PACER 2:11-cr-105]. Petitioner presently remains incarcerated at the Federal Correctional Complex in Hazelton, WV.

On June 20, 2013, the *pro se* petitioner initiated the case by filing a petition for

habeas corpus,[1] styled as a "Pro-Se Motion Challenging Place of Confinement Pursuant to 28 U.S.C. § 2241" [Doc. 1].  Petitioner's Motion/Request for Preliminary Injunction [Docs. 2, 9] was filed concurrently.  After Magistrate Judge Joel issued an Order directing the respondent to show cause why the petition should not be granted, respondent filed a Motion to Dismiss/Motion for Summary Judgment [Doc. 16] on July 11, 2013.  Petitioner filed a Response [Doc. 20] on August 9, 2013, and an Amended Emergency Motion for Preliminary Injunction [Doc. 21] on August 22, 2013.

## II.   Analysis

As set forth fully in Magistrate Judge Joel's R&R, petitioner stated the following grounds in support of his petition: (1) the BOP failed to perform an individualized assessment in determining the duration of petitioner's eligibility for placement in a Residential Reentry Center ("RRC"); and (2) petitioner will not be returned to his home state, Michigan, during his period of supervised release, but will be forced to complete same in Vermont, where he has no home and no prospects for employment.  See Pet. for Writ of Habeas Corpus at 5 [Doc. 8]; Pet.'s Brief at 1–3 [Doc. 8 Ex. 1].

In his Objections to the R&R, however, petitioner abandons his previous arguments. Instead, petitioner now contends that the BOP acted arbitrarily and capriciously by allegedly refusing, after the Eastern District of Michigan declined to accept supervision of petitioner, to transfer him to the RRC originally recommended by BOP in its May 14 order.  While petitioner's motion cites only to provisions of BOP's internal policy, his argument appears to be that BOP is in violation of 18 U.S.C. § 3624(c)(1), which provides that BOP "shall, to

---

[1] On June 26, 2012, petitioner filed this court's approved form for a Petition for Habeas Corpus [Doc. 8], after being served with a Notice of Deficient Pleading.

the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford [him] a reasonable opportunity to adjust to and prepare for [his] reentry . . . into the community."

Even had petitioner's new allegations been properly raised at an earlier stage of these proceedings, this Court notes that while the BOP is indeed obligated to facilitate an inmate's transfer from the prison system, BOP's obligation is qualified by practicability. *Elwood v. Jeter*, 386 F.3d 842, 846 (8th Cir. 2004). The delay in approval of petitioner's RRC placement, caused by petitioner's filing of a motion to transfer jurisdiction over his supervised release to a different state, is an example of the sort of practical concern that does not offend 18 U.S.C. § 3624. *See id.* at 847 (citing "security concerns" and "space limitations" as among the factors that could make it impractical to transfer a prisoner into a community confinement center "for all or even part of the transition period").

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 22]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the petitioner's Objections **[Doc. 25]** are **OVERRULED**. The respondent's Motion to Dismiss/Motion for Summary Judgment **[Doc. 16]** is hereby **GRANTED**. Further, the petitioner's Motion/Request for Preliminary Injunction **[Docs. 2, 9]** and Amended Emergency Motion for Preliminary Injunction **[Doc. 21]** are **DENIED**, and the petitioner's Motion for Hearing **[Doc. 3]** and Motion/Request for Expedited Hearing **[Doc. 11]** are **DENIED as moot**.

Accordingly, this Court hereby **DENIES** and **DISMISSES with prejudice** the petitioner's § 2241 petition **[Doc. 1]** and this matter is **ORDERED STRICKEN** from the

active docket of this Court.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the pro se petitioner.

DATED: September 20, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE